JOAN S. DINSMORE (CA Bar No. 245629)
**MCGUIREWOODS LLP**
434 Fayetteville Street, Suite 2600
Raleigh, North Carolina 27601
Telephone: 919.755.6600
Facsimile: 919.755.6699
jdinsmore@mcguirewoods.com

*Attorneys for Defendant Ford Motor Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JANIS BENKLE, JOHN KOVAK, EDWARD KYLE, EUGENE RUSSIN, JULIO ROJAS, KELLY SUPONCHICK, and JOE McGLOTHIN individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br><br>        Defendant. | CASE NO. 8:16-cv-01569-DOC-JCG<br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |

Ford Motor Company ("Ford") states as follows in response to the First Amended Class Action Complaint ("Amended Complaint") filed herein.

<u>NATURE OF THE CASE</u>

1.      Ford admits that Plaintiffs purport to bring this class action on behalf of themselves and other individuals who purchased or leased model year 2011 to 2015 Ford Mustangs with 3.7L TiVCT engines containing a Delphi Sixth Generation ("Delph Gen 6") electronic throttle body ("ETB"), model year 2011 to 2015 Ford Edges with 3.5L TiVCT engines containing a Delphi Gen 6 ETB, model year 2011 to 2015 Lincoln MKXs with 3.7L TiVCT engines containing a Delphi Gen 6 ETB, and model year 2011 to 2015 F-150s with 3.7L TiVCT engines containing a Delphi Gen 6 ETB.  Ford denies that Plaintiffs' action can be certified as a class action, but refers to the vehicles described in Paragraph 1 of the Amended Complaint as the "Class Vehicles" for ease of reference.

2.      Ford admits that a throttle body in a fuel injected engine is a component through which air is transmitted to the engine based, in part, on driver demand communicated to the accelerator pedal.  All other allegations of Paragraph 2 of the Amended Complaint are denied.

3.      Ford admits that a difference between traditional mechanical throttle systems and electronic throttle  systems is that in the former, driver demand is communicated via a cable linkage between the accelerator pedal and the throttle body whereas in the latter, driver demand is communicated via electronic sensor input between the accelerator pedal and the throttle body.  All other allegations of Paragraph 3 of the Amended Complaint are denied.

4.      Ford admits that commencing in 2009, it began to equip some vehicles with Delphi Gen 6 ETBs.  All other allegations of Paragraph 4 of the Amended Complaint are denied.

5.      Ford admits that it is aware of and has received complaints from owners of certain Ford vehicles equipped with Delphi Gen 6 ETBs of reduction in power events.  Such events can occur when, as the result of various factors, some of which may relate to the ETB, the vehicle goes into one or more fail safe modes known as Failure Mode Effects Management ("FMEM") modes.   Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.  All other allegations of Paragraph 5 of the Amended Complaint are also denied.

6.      Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.   All other allegations of Paragraph 6 of the Amended Complaint are also denied.

7.      Ford admits that it is aware of complaints from owners of certain Ford vehicles equipped with Delphi Gen 6 ETBs of reduction in power events.  Such events can occur when, as the result of various factors, some of which may relate to the ETB, the vehicle goes into one or more fail safe modes known as FMEM modes. Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.  All other allegations of Paragraph 7 of the Amended Complaint are also denied.

8.      Ford admits that service personnel at Ford authorized dealerships sometimes are called upon to service customer concerns regarding the ETBs on their vehicles and, from time to time, throttle body components and throttle bodies are repaired or replaced.   Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.  All other allegations of Paragraph 8 of the Amended Complaint are denied.

9      Ford admits that it implemented Customer Satisfaction Program ("CSP") 13N03 in January 2014 to address certain issues involving the ETB (part

number DS7Z-9E926) on certain Ford vehicles.  All other allegations of Paragraph 9 of the Amended Complaint are denied.

10.     Ford denies the allegations of Paragraph 10 of the Amended Complaint.

11.     Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 11 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation.  Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

12.     Ford denies that there is any common or unitary defect affecting the Class Vehicles or Delphi Gen 6 ETB.  Ford also denies the allegations of Paragraph 12 of the Amended Complaint.

13.     Ford admits that the Class Vehicles, when sold new, were equipped with Delphi Gen 6 ETBs bearing service part numbers AT4Z-9E926-A or AT4Z-9E926-B until June 2016.  After June 2016, the Class Vehicles, when sold new, were equipped with Delphi 6 ETBs bearing service part number AT4Z-9E926-C. All other allegations of Paragraph 13 of the Amended Complaint are denied.

14.     Ford denies the allegations of Paragraph 14 of the Amended Complaint.

<u>JURISDICTION AND VENUE</u>

15.     Paragraph 15 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Ford is not challenging the subject matter jurisdiction of the Court in this action.

16.     Paragraph 16 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Ford is not challenging the subject matter jurisdiction of the Court in this action.

17.     Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Ford denies that

1  its contacts with the State of California are sufficient to give rise to personal

2  jurisdiction in this Court, but Ford does not challenge the exercise of personal

3  jurisdiction over it in this action.

4        18.    Ford denies that it engaged in any conduct in the State of California

5  that would give rise to venue in this Court.  The remaining allegations of Paragraph

6  18 of the Amended Complaint state legal conclusions to which no response is

7  required.  To the extent a response is required, Ford is not challenging the venue

8  selected by the Plaintiffs in this action, but reserves the right to do so should multi-

9  district proceedings arise.

10  <u>PARTIES</u>

11        19.    Ford is presently without sufficient knowledge or information to admit

12  or deny the allegations of Paragraph 19 of the Amended Complaint.

13        20.    Ford admits, on information and belief, the allegations of Paragraph 20

14  of the Amended Complaint.

15        21.    Ford is presently without any knowledge of Benkle's state of mind

16  when she purchased her vehicle, but denies that the vehicle is defective or that it

17  contained any defective component common to the Class Vehicles.  Ford also denies

18  that the Benkle vehicle has any condition that causes it to spontaneously decelerate

19  or that it is unreasonably dangerous.

20        22.    Ford is presently without any knowledge of Benkle's state of mind

21  when she purchased her vehicle, but denies that the vehicle is defective or that it

22  contained any defective component common to the Class Vehicles.  All other

23  allegations of Paragraph 22 of the Amended Complaint are denied.

24        23.    Ford is presently without knowledge or information sufficient to

25  respond to the allegations of Paragraph 23 of the Amended Complaint and therefore

26  denies same.

27

28

24.   Ford is presently without any knowledge of Benkle's state of mind when she purchased her vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies the remaining allegations of Paragraph 24 of the Amended Complaint.

25.   Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 25 of the Amended Complaint and therefore denies same.

26.   Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 26 of the Amended Complaint and therefore denies same.

27.   Ford is presently without sufficient knowledge or information to admit or deny the allegations of Paragraph 27 of the Amended Complaint.

28.   Ford admits, on information and belief, the allegations of Paragraph 28 of the Amended Complaint.

29.   Ford is presently without any knowledge of Kovak's state of mind when he leased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies that the Kovak vehicle has any condition that causes it to spontaneously decelerate or that it is unreasonably dangerous.

30.   Ford is presently without any knowledge of Kovak's state of mind when he leased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.   All other allegations of Paragraph 30 of the Amended Complaint are denied.

31.   Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 31 of the Amended Complaint and therefore denies same.

32.     Ford is presently without any knowledge of Kovak's state of mind when he leased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 33 of the Amended Complaint and therefore denies same.

34.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 34 of the Amended Complaint and therefore denies same.

35.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 35 of the Amended Complaint and therefore denies same.

36.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 36 of the Amended Complaint and therefore denies same.

37.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 37 of the Amended Complaint and therefore denies same.

38.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 38 of the Amended Complaint and therefore denies same.

39.     Ford is presently without sufficient knowledge or information to admit or deny the allegations of Paragraph 39 of the Amended Complaint.

40.     Ford admits, on information and belief, the allegations of Paragraph 40 of the Amended Complaint.

41.    Ford is presently without any knowledge of Kyle's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies that the Kyle vehicle has any condition that causes it to spontaneously decelerate or that it is unreasonably dangerous.

42.    Ford is presently without any knowledge of Kyle's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  All other allegations of Paragraph 42 of the Amended Complaint are denied.

43.    Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 43 of the Amended Complaint and therefore denies same.

44.    Ford is presently without any knowledge of Kyle's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies the remaining allegations of Paragraph 44 of the Amended Complaint.

45.    Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 45 of the Amended Complaint and therefore denies same.

46.    Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 46 of the Amended Complaint and therefore denies same.

47.    Ford is presently without sufficient knowledge or information to admit or deny the allegations of Paragraph 47 of the Amended Complaint.

48.    Ford admits, on information and belief, the allegations of Paragraph 48 of the Amended Complaint.

49.    Ford is presently without any knowledge of Russin's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies that the Russin vehicle has any condition that causes it to spontaneously decelerate or that it is unreasonably dangerous.

50.    Ford is presently without any knowledge of Russin's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  All other allegations of Paragraph 50 of the Amended Complaint are denied.

51.    Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 51 of the Amended Complaint and therefore denies same.

52.    Ford is presently without any knowledge of Russin's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies the remaining allegations of Paragraph 52 of the Amended Complaint.

53.    Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 53 of the Amended Complaint and therefore denies same.

54.    Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 54 of the Amended Complaint and therefore denies same.

55.    Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 55 of the Amended Complaint and therefore denies same.

56.    Ford is presently without sufficient knowledge or information to admit or deny the allegations of Paragraph 56 of the Amended Complaint.

57.     Ford is presently without sufficient knowledge or information to admit or deny the allegations of Paragraph 57 of the Amended Complaint.

58.     Ford is presently without any knowledge of Rojas's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies that the Rojas vehicle has any condition that causes it to spontaneously decelerate or that it is unreasonably dangerous.

59.     Ford is presently without any knowledge of Rojas's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  All other allegations of Paragraph 59 of the Amended Complaint are denied.

60.     Ford is presently without any knowledge of Rojas's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford is presently without knowledge or information sufficient to respond to the remaining allegations of Paragraph 60 of the Amended Complaint and therefore denies same.

61.     Ford is presently without any knowledge of Rojas's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies the remaining allegations of Paragraph 61 of the Amended Complaint.

62.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 62 of the Amended Complaint and therefore denies same.

63.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 63 of the Amended Complaint and therefore denies same.

64.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 64 of the Amended Complaint and therefore denies same.

65.     Ford is presently without sufficient knowledge or information to admit or deny the allegations of Paragraph 65 of the Amended Complaint.

66.     Ford is presently without sufficient knowledge or information to admit or deny the allegations of Paragraph 66 of the Amended Complaint.

67.     Ford is presently without any knowledge of Suponchick's state of mind when she purchased her vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies that the Suponchick vehicle has any condition that causes it to spontaneously decelerate or that it is unreasonably dangerous.

68.     Ford is presently without any knowledge of Suponchick's state of mind when she purchased her vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  All other allegations of Paragraph 68 of the Amended Complaint are denied.

69.     Ford is presently without any knowledge of Suponchick's state of mind when she purchased her vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford is presently without knowledge or information sufficient to respond to the remaining allegations of Paragraph 69 of the Amended Complaint and therefore denies same.

70.     Ford is presently without any knowledge of Suponchick's state of mind when she purchased her vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies the remaining allegations of Paragraph 70 of the Amended Complaint.

71.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 71 of the Amended Complaint and therefore denies same.

72.     Ford is presently without knowledge or information sufficient to respond to the allegations of Paragraph 72 of the Amended Complaint and therefore denies same.

73.     Ford is presently without sufficient knowledge or information to admit or deny the allegations of Paragraph 73 of the Amended Complaint.

74.     Ford admits, on information and belief, the allegations of Paragraph 74 of the Amended Complaint.

75.     Ford is presently without any knowledge of McGlothin's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford also denies that the McGlothin vehicle has any condition that causes it to spontaneously decelerate or that it is unreasonably dangerous.

76.     Ford is presently without any knowledge of McGlothin's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  All other allegations of Paragraph 76 of the Amended Complaint are denied.

77.     Ford is presently without any knowledge of McGlothin's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it contained any defective component common to the Class Vehicles.  Ford is presently without knowledge or information sufficient to respond to the remaining allegations of Paragraph 77 of the Amended Complaint and therefore denies same.

78.     Ford is presently without any knowledge of McGlothin's state of mind when he purchased his vehicle, but denies that the vehicle is defective or that it

1  contained any defective component common to the Class Vehicles.  Ford also denies
2  the remaining allegations of Paragraph 78 of the Amended Complaint.

3      79.   Ford is presently without knowledge or information sufficient to
4  respond to the allegations of Paragraph 79 of the Amended Complaint and therefore
5  denies same.

6      80.   Ford is presently without knowledge or information sufficient to
7  respond to the allegations of Paragraph 80 of the Amended Complaint and therefore
8  denies same.

9      81.   Ford is presently without knowledge or information sufficient to
10  respond to the allegations of Paragraph 81 of the Amended Complaint and therefore
11  denies same.

12      82.   Ford admits the allegations of Paragraph 82 of the Amended
13  Complaint.

14      83.   Ford admits that it designed and manufactured the Class Vehicles and
15  that it distributed them for sale and lease throughout the United States, including
16  California.  Ford further admits that it provided certain limited warranties to the
17  purchasers and leasees of the Class Vehicles.  All other allegations of Paragraph 83
18  of the Amended Complaint are denied.

19                    FACTS COMMON TO ALL COUNTS[1]

20      84.   Ford admits that commencing in 2009, it began to equip some vehicles
21  with Delphi Gen 6 ETBs.  Ford admits that a difference between traditional,
22  mechanical throttle systems and electronic throttle  systems is that in the former,
23  driver demand is communicated via a cable linkage between the accelerator pedal
24  and the throttle body whereas in the latter, driver demand is communicated via

25  _____
26  [1]  Ford adopts the Plaintiffs' section headings for ease of reference, but denies that
there are facts common to the Plaintiffs' individual claims or to the claims of the
27  putative class members that would make this action suitable or appropriate for
class certification.
28

electronic sensor input between the accelerator pedal and the throttle body.  Ford further admits that the Delphi Gen 6 ETB contains a throttle motor that functions to open and closes the throttle plate.  All other allegations of Paragraph 84 of the Amended Complaint are denied.

85.    Ford admits that a throttle body in a fuel injected engine is a component through which air is transmitted to the engine based, in part, on driver demand communicated to the accelerator pedal.  All other allegations of Paragraph 85 of the Amended Complaint are denied.

86.    Ford admits that a difference between traditional mechanical throttle systems and electronic throttle  systems is that in the former, driver demand is communicated via a cable linkage between the accelerator pedal and the throttle body whereas in the latter, driver demand is communicated via electronic sensor linkage between the accelerator pedal and the throttle body.  All other allegations of Paragraph 86 of the Amended Complaint are denied.

87.    Ford admits that the Class Vehicles were, when sold or leased new, equipped with ETBs manufactured by Delphi Automotive.  Ford is without knowledge or information whether Delphi bills itself as a "leading global technology company" in the automotive market.  Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.  All other allegations of Paragraph 87 of the Amended Complaint are denied.

88.    Ford admits that the electronic throttle control ("ETC") systems on the Class Vehicles contain numerous fail-safe systems including FMEM systems that, in response to certain conditions that may occur with a vehicle, operate to avoid any uncommanded throttle opening on the vehicle.  In certain situations, some FMEM modes limit engine power.  All other allegations of Paragraph 88 of the Amended Complaint are denied.

89.    Ford admits that various ETC component malfunctions, such as a sensor failure, a short circuit, or unwanted high-resistance deposits on the throttle motor, may result in the activation of an FMEM mode, including an FMEM mode known generally as a "limp home" mode that limits engine power.  Ford admits that any vehicle condition resulting in the activation of an FMEM mode will also trigger a Diagnostic Trouble Code ("DCT") to assist service personnel in diagnosing the condition that led to the FMEM mode.  Ford admits that such DCTs include P2111 and P2112.   All other allegations of Paragraph 89 of the Amended Complaint are denied.

90.    Ford denies the allegations in Paragraph 90 of the Amended Complaint.

91.    Ford denies the allegations of Paragraph 91 of the Amended Complaint. Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.

92.    Ford denies the allegations of Paragraph 92 of the Amended Complaint. Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.

93.    Ford admits that customer complaints made to NHTSA are available at www.safecare.gov and that customer complaint information may be useful to Ford and others for certain purposes.  Ford admits that it is aware of complaints regarding power reduction events made to NHTSA by owners of certain of the Class Vehicles. All other allegations of Paragraph 93 of the Amended Complaint are denied.

94.    Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 94 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation.  Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

95. Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 95 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation. Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

96. Ford denies the existence of a unitary or common "Throttle Defect." All other allegations of Paragraph 96 of the Amended Complaint are denied.

97. Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 97 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation. Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

98. Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 98 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation. Ford lacks knowledge or information sufficient to admit or deny the allegations in quoted complaint to NHTSA and therefore denies same.

99. Ford admits that in or about August 2012 the North Carolina Consumers Council ("NCCC") petitioned NHTSA to initiate a defect investigation into the performance of certain model year 2005 to 2012 Ford Escapes. Ford admits that on or about October 2, 2012, NHTSA opened Defect Petition DP-12-006. Ford avers that the NCCC petition and NHTSA Defect Petition DP-12-006 speak for themselves as to their contents and therefore denies the allegations to the extent they

1   are inconsistent with those documents.  All other allegations of Paragraph 99 of the

2   Amended Complaint are denied.

3       100.   Ford admits that on or about February 21, 2013, NHTSA opened

4   Preliminary Evaluation ("PE") 13-003 regarding certain model year 2009 to 2011

5   Ford Escapes, Mercury Mariners, Ford Fusions, and Mercury Milans equipped with

6   2.5L and 3.0L non-hybrid engines equipped with Dephi Gen 6 ETBs.  Ford avers

7   that the Preliminary Investigation speaks for itself as to its contents and therefore

8   denies the allegations to the extent they are inconsistent with the Preliminary

9   Investigation.  All other allegations of Paragraph 100 of the Amended Complaint are

10  denied.

11      101.   Ford admits that on or about February 28, 2014, NHTSA closed its

12  investigation opened as PE13-003 and that Plaintiffs have quoted certain language

13  from NHTSA's closure document.  Ford avers that the closure document speaks for

14  itself as to its contents and therefore denies the allegations to the extent they are

15  inconsistent with the same.  All other allegations of Paragraph 101 of the Amended

16  Complaint are denied.

17      102.   Ford avers that PE13-003 speaks for itself as to its contents and

18  therefore denies the allegations of Paragraph 102 of the Amended Complaint to the

19  extent they are inconsistent with NHTSA's findings as set forth in its documentation

20  of PE13-003.  All other allegations of Paragraph 102 of the Amended Complaint are

21  denied.

22      103.   Ford admits that it issued CSP 13NO3 though which it undertook to (1)

23  extend the warranty on certain vehicles' throttle body assemblies until 10 years or

24  150,000 miles, whichever occurs first, (2) reimburse certain Ford and Mercury

25  vehicle owners and lessees for certain costs they may have incurred to have a

26  throttle body replaced, and (3) update the Powertrain Control Module.  Ford avers

27  that the language of CSP 13N03 speaks for itself as to its contents and therefore

28

denies the allegations of Paragraph 103 to the extent they are inconsistent with CSP 13N03.    All other allegations of Paragraph 103 of the Amended Complaint are denied.

104.    Ford admits that Paragraph 104 of the Amended Complaint quotes certain language from a notification letter from Ford to its authorized dealers notifying the dealers of CSP 13N03.  Ford avers that the language of its dealer notification letter regarding CSP 13N03 speaks for itself as to its contents and therefore denies the allegations of Paragraph 104 of the Amended Complaint to the extent they are inconsistent with the dealer notification letter.

105.    Ford admits that the original ETB part number for the vehicles covered by CSP 13N03 is DS7Z-9E926.  Ford admits that the original ETB part number for certain of the Class Vehicles is AT4Z-9E926.  All other allegations of Paragraph 105 of the Amended Complaint are denied.

106.    Ford admits that CSP 13N03 covered certain model year 2009 to 2013 Ford Escapes, Mercury Mariners, Ford Fusions, and Mercury Milans, and that it did not apply to the Class Vehicles.   All other allegations of Paragraph 106 of the Amended Complaint are denied.

107.    Ford admits that the DS7Z-9E926 and AT4Z-9E926 Delphi Gen 6 ETB are similar, share the same base part number, and are designed to be placed in different Ford vehicles equipped with different engines, and also different bore diameters.  All other allegations of Paragraph 107 of the Amended Complaint are denied.

108.  Ford denies the allegations of Paragraph 108 of the Amended Complaint.

109.  Ford denies the allegations of Paragraph 109 of the Amended Complaint.

110.  Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 110 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation.  Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

111.  Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 111 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation.  Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

112.  Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 112 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation.  Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

113.  Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 113 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation.  Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

114.  Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.   All other allegations of Paragraph 114 of the Amended Complaint are denied.

115.   Ford denies the allegations of Paragraph 115 of the Amended Complaint.

116.   Ford admits that, prior to 2014, it superseded part DS7Z-PE926-A with modified versions DS7Z-9E926-B, DS7Z-9E926-C, and DS7Z-9E926-D, but avers that were different reasons underlying the modifications.  All other allegations of Paragraph 116 of the Amended Complaint are denied.

117.   Ford admits that it superseded part AT4Z-PE926-A with modified versions AT4Z-9E926-B, but avers that were different reasons underlying the modifications.  All other allegations of Paragraph 117 of the Amended Complaint are denied.

118.   Ford denies the allegations of Paragraph 118 of the Amended Complaint.  Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.

119.   Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 119 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation.  Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

120.   Ford admits, on information and belief, that a complaint was lodged with NHTSA as alleged in Paragraph 120 of the Amended Complaint, except that Ford denies the complaint contained the specific formatting, including bold-faced lettering, included in the allegation.  Ford lacks knowledge or information sufficient to admit or deny the allegations in the quoted complaint to NHTSA and therefore denies same.

121.   Ford denies the allegations of Paragraph 121 of the Amended Complaint.

122.   Ford admits that it is aware of and has received complaints from owners of certain Ford vehicles equipped with Delphi Gen 6 ETBs of reduction in power events.  Such events can occur when, as the result of various factors, some of which may relate to the ETB, the vehicle goes into one or more fail safe modes known as Failure Mode Effects Management ("FMEM") modes.   Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.   All other allegations of Paragraph 122 of the Amended Complaint are denied.

123.   Ford is currently without information sufficient to admit or deny the allegations in Paragraph 123 of the Amended Complaint, and therefore denies them.

124.   Ford avers that the North Carolina Consumer Commission petition to NHTSA speaks for itself as to its contents and therefore denies the allegations of Paragraph 124 of the Amended Complaint to the extent they are inconsistent with the same.

125.   Ford avers that its response to the NHTSA speaks for itself as to its contents and therefore denies the allegations to the extent they are inconsistent with the same.  Ford denies the remaining allegations in Paragraph 125 of the Amended Complaint.

126.   Ford admits that it collected information to respond to PE13-003.  All other allegations of Paragraph 126 of the Amended Complaint are denied.

127.   Ford admits that from time to time it collects and reviews various complaint and warranty data regarding all of its vehicles including the Class Vehicles.  All other allegations of Paragraph 127 of the Amended Complaint are denied.

128.   Ford admits to providing purchasers and lessees of the Class Vehicles with a new vehicle limited warranty providing that, subject to certain conditions, Ford dealers will "repair, replace, or adjust all parts on your vehicle that malfunction

or fail during normal use during the applicable coverage period due to a manufacturing defect in factory-supplied materials or factory workmanship." Ford denies the remaining allegations of Paragraph 128 of the Amended Complaint.

<u>TOLLING OF THE STATUTE OF LIMITATIONS</u>

129.   Ford denies that the Class Vehicles are defective or that they share a common or unitary defect in their ETBs.  All other allegations of Paragraph 129 of the Amended Complaint are also denied.

130.   Ford denies that the Class Vehicles are defective or that they share a common or unitary defect in their ETBs.  All other allegations of Paragraph 130 of the Amended Complaint are also denied.

131.   Ford denies that the Class Vehicles are defective or that they share a common or unitary defect in their ETBs.  All other allegations of Paragraph 131 of the Amended Complaint are also denied.

132.   Ford denies the allegations of Paragraph 132 of the Amended Complaint.

133.   Ford denies the allegations of Paragraph 133 of the Amended Complaint.

134.   Ford denies the allegations of Paragraph 134 of the Amended Complaint.

135.   Ford denies the allegations of Paragraph 135 of the Amended Complaint.

136.   Paragraph 136 of the Amended Complaint sets forth legal conclusions to which no response is required.   To the extent a response is required, all allegations of Paragraph 136 of the Amended Complaint are denied.

137.   Paragraph 137 of the Amended Complaint sets forth legal conclusions to which no response is required.   To the extent a response is required, all allegations of Paragraph 137 of the Amended Complaint are denied.   Ford

1  specifically denies that it has failed to disclose or concealed any information that it
2  is under any duty to disclose.

3      138.   Paragraph 138 of the Amended Complaint sets forth legal conclusions
4  to which no response is required.   To the extent a response is required, all
5  allegations of Paragraph 138 of the Amended Complaint are denied.

6                           <u>CLASS ACTION ALLEGATIONS</u>

7      139.   Ford admits that Plaintiffs purport to bring this action as a putative
8  class action on behalf of a nationwide class defined in Paragraph 139 of the
9  Amended Complaint.   Ford denies that this action is suitable or proper for class
10  action treatment.

11     140.   Ford admits that, as an alternative to a nationwide class, Plaintiffs
12  purport to bring this action as putative class actions on behalf of certain individuals
13  within the States of California, Florida, Nebraska, and Texas as defined in
14  Paragraph 140 of the Amended Complaint. Ford denies that this action is suitable or
15  proper for class action treatment.

16     141.   Ford admits that Paragraph 141 of the Amended Complaint describes
17  certain individuals excluded from Plaintiffs' definitions of their putative nationwide
18  and state classes.

19     142.   Ford admits that Paragraph 142 of the Amended Complaint sets forth
20  Plaintiffs' purported reservation of their right to re-define their putative classes.

21     143.   Ford admits that Plaintiffs' putative classes as currently defined meet
22  the numerosity requirement of Fed. R. Civ. P. 23(a).   All other allegations of
23  Paragraph 143 of the Amended Complaint are denied.

24     144.   Ford admits that Plaintiffs' putative classes as currently defined meet
25  the numerosity requirement of Fed. R. Civ. P. 23(a).   All other allegations of
26  Paragraph 144 of the Amended Complaint are denied.

27

28

145.  Ford denies the allegations of Paragraph 145 of the Amended Complaint.  Ford denies that Plaintiffs' listing of questions of fact and law allegedly common to the defined nationwide and state classes are questions that are pertinent to the certification of such classes under Fed. R. Civ. P. 23.  Ford denies that Plaintiffs' putative classes meet the commonality requirement of Fed. R. Civ. P. 23(a).

146.  Ford denies that the Plaintiffs' claims are typical of the members of the putative nationwide and state classes that they seek to represent.  Ford denies that Plaintiffs meet the typicality requirement of Fed. R. Civ. P. 23(a) and otherwise denies the allegations of Paragraph 146 of the Amended Complaint.

147.  Ford denies that the Plaintiffs share a common interest with the members of the putative nationwide and state classes they seek to represent.  Ford denies that Plaintiffs meet the adequacy requirement of Fed. R. Civ. P. 23(a) and otherwise denies the allegations of Paragraph 147 of the Amended Complaint.

148.  Ford admits that Plaintiffs' selected counsel includes law firms with experience in consumer class action litigation.   Ford is otherwise without knowledge or information sufficient to admit or deny the allegations of Paragraph 148 of the Amended Complaint.

149.  Ford denies that any questions of law and fact that the Court may determine are common to the members of the putative nationwide and state classes Plaintiffs seek to represent predominate over questions of law and fact affecting individual members of the putative classes.  Ford denies that a class action is a superior means to resolve the controversy alleged in the Amended Complaint.  Ford denies that the damages, if any, described by Plaintiffs are capable of class-wide treatment or determination.   Ford denies that it has acted or refused to act on grounds that apply generally to all the members of the nationwide or state classes Plaintiffs seek to represent.  Ford denies that Plaintiffs have set forth any basis to

1  support the award of injunctive and/or declaratory relief by the Court or that any
2  such relief is proper or appropriate.  All other allegations of Paragraph 149 of the
3  Amended Complaint are denied.

COUNT I

Violation of Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, <em>et seq.</em>

(On Behalf of the Nationwide Class)

150.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

151.   Ford admits that Plaintiffs purport to bring Count I on their own behalf and on behalf of the putative nationwide class they seek to represent.

152.   Ford admits that the Court has jurisdiction to decide the asserted claims.

153.   Ford admits to providing purchasers and lessees of the Class Vehicles with a new vehicle limited warranty providing that, subject to certain conditions, Ford dealers will "repair, replace, or adjust all parts on your vehicle that malfunction or fail during normal use during the applicable coverage period due to a manufacturing defect in factory-supplied materials or factory workmanship." Whether Ford is a "supplier" or "warrantor" within the meaning of 35 U.S.C. § 2301(4) and (5) is an issue of law to which no response is required.  To the extent a response is required, all allegations of Paragraph 153 of the Amended Complaint are denied.

154.   Paragraph 154 states a legal conclusion to which no response is required.  To the extent that a response is required, Ford denies the allegations in Paragraph 154 of the Amended Complaint.

155.   Ford admits that Plaintiffs purport to seek alleged damages but denies that Plaintiffs are entitled to those damages alleged or any relief whatsoever.  Ford also denies the remaining allegations of Paragraph 155 of the Amended Complaint.

156. Paragraph 156 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 156 of the Amended Complaint.

157. Paragraph 157 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 157 of the Amended Complaint.

158. Paragraph 158 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 158 of the Amended Complaint. Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.

159. Ford denies the allegations in Paragraph 159 of the Amended Complaint.

160. Paragraph 160 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 160 of the Amended Complaint.

161. Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles. Ford further denies making any misrepresentations or omissions concerning the Class Vehicles. The remaining allegations of Paragraph 161 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 161 of the Amended Complaint.

162. Paragraph 162 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 162 of the Amended Complaint.

163. Ford denies the allegations in Paragraph 163 of the Amended Complaint.

164. Ford admits that Plaintiffs purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever. Ford also denies the remaining allegations in Paragraph 164 of the Amended Complaint.

## COUNT II

### Breach of UCC Express Warranty

(On Behalf of the Nationwide Class, and, Alternatively, the California State Class, Florida State Class, Nebraska State Class, and Texas State Class)

165. Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

166. Ford admits that Plaintiffs purport to bring Count II on their own behalf, and on behalf of the putative nationwide class they seek to represent, and on behalf of the Putative California, Florida, Nebraska, and Texas statewide classes they seek to represent.

167. Ford admits to providing purchasers and lessees of the Class Vehicles with a new vehicle limited warranty providing that, subject to certain conditions, Ford dealers will "repair, replace, or adjust all parts on your vehicle that malfunction or fail during normal use during the applicable coverage period due to a manufacturing defect in factory-supplied materials or factory workmanship." Ford denies the remaining allegations of Paragraph 167 of the Amended Complaint.

168. Paragraph 168 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 168 of the Amended Complaint.

169. Paragraph 169 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 169 of the Amended Complaint.

170. Ford denies the allegations in Paragraph 170 of the Amended Complaint.

171.   Ford denies that there is any common or unitary defect affecting the Class Vehicles or the ETBs in the Class Vehicles.  Ford also denies the allegations in Paragraph 171 of the Amended Complaint.

172.   Ford denies the allegations in Paragraph 172 of the Amended Complaint.

173.   Ford denies the allegations in Paragraph 173 of the Amended Complaint.

174.   Ford denies the allegations in Paragraph 174 of the Amended Complaint.

175.   Ford denies the allegations in Paragraph 175 of the Amended Complaint.

176.   Ford denies the allegations in Paragraph 176 of the Amended Complaint.

177.   Ford admits that Plaintiffs purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever.  Ford also denies the remaining allegations in Paragraph 177 of the Amended Complaint.

<u>COUNT III</u>

Breach of Implied UCC Warranty of Merchantability

(On Behalf of the Nationwide Class, and, Alternatively, the California State Class, Florida State Class, Nebraska State Class, and Texas State Class)

178.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

179.   Ford admits that Plaintiffs purport to bring Count III on their own behalf, and on behalf of the putative nationwide class they seek to represent, and on behalf of the putative California, Florida, Nebraska, and Texas statewide classes they seek to represent.

180. Paragraph 180 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 180 of the Amended Complaint.

181. Paragraph 181 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 181 of the Amended Complaint.

182. Paragraph 182 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 182 of the Amended Complaint.

183. Ford denies the allegations in Paragraph 183 of the Amended Complaint.

184. Ford admits to providing purchasers and lessees of the Class Vehicles with a new vehicle limited warranty providing that, subject to certain conditions, Ford dealers will "repair, replace, or adjust all parts on your vehicle that malfunction or fail during normal use during the applicable coverage period due to a manufacturing defect in factory-supplied materials or factory workmanship." Ford denies the remaining allegations of Paragraph 184 of the Amended Complaint.

185. Ford denies the allegations in Paragraph 185 of the Amended Complaint.

186. Ford admits that Plaintiffs purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever. Ford also denies the remaining allegations in Paragraph 186 of the Amended Complaint.

## COUNT IV

Violation of Song-Beverly Consumer Warranty Act

Breach of Implied Warranty

Cal. Civ. Code §§ 1790, *et seq.*

(On Behalf of the California State Class)

187.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

188.   Ford admits that Plaintiffs Benkle and Kovak purport to bring Count IV on their own behalf, and on behalf of the putative California statewide class they seek to represent.

189.   Paragraph 189 states a legal conclusion to which no response is required.  To the extent that a response is required, Ford denies the allegations in Paragraph 189 of the Amended Complaint.

190.   Paragraph 190 states a legal conclusion to which no response is required.  To the extent that a response is required, Ford denies the allegations in Paragraph 190 of the Amended Complaint.

191.   Paragraph 191 states a legal conclusion to which no response is required.  To the extent that a response is required, Ford denies the allegations in Paragraph 191 of the Amended Complaint.

192.   Paragraph 192 states a legal conclusion to which no response is required.  To the extent that a response is required, Ford denies the allegations in Paragraph 192 of the Amended Complaint.

193.   Paragraph 193 states a legal conclusion to which no response is required and quotes the language of a statute that speaks for itself as to its content.  To the extent that a response is required or the quoted text is inconsistent with the statute, Ford denies the allegations in Paragraph 193 of the Amended Complaint.

194. Ford denies the allegations in Paragraph 194 of the Amended Complaint.

195. Ford denies the allegations in Paragraph 195 of the Amended Complaint.

196. Ford denies the allegations in Paragraph 196 of the Amended Complaint.

197. Ford denies the allegations in Paragraph 197 of the Amended Complaint.

198. Ford denies the allegations in Paragraph 198 of the Amended Complaint.

199. Ford denies the allegations in Paragraph 199 of the Amended Complaint.

200. Ford admits that Plaintiffs Benkle and Kovak purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever. Ford also denies the remaining allegations in Paragraph 200 of the Amended Complaint.

201. Ford admits that Plaintiffs Benkle and Kovak purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever. Ford also denies the remaining allegations in Paragraph 201 of the Amended Complaint.

202. Ford admits that Plaintiffs Benkle and Kovak purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever. Ford also denies the remaining allegations in Paragraph 202 of the Amended Complaint.

<u>COUNT V</u>

Violation of Song-Beverly Consumer Warranty Act

Breach of Express Warranty

Cal. Civ. Code §§ 1790, *et seq.*

(On Behalf of the California State Class)

203.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

204.   Ford admits that Plaintiffs Benkle and Kovak purport to bring Count V on their own behalf, and on behalf of the putative California statewide class they seek to represent.

205.   Paragraph 205 states a legal conclusion to which no response is required.   To the extent that a response is required, Ford denies the allegations in Paragraph 205 of the Amended Complaint.

206.   Paragraph 206 states a legal conclusion to which no response is required.   To the extent that a response is required, Ford denies the allegations in Paragraph 206 of the Amended Complaint.

207.   Paragraph 207 states a legal conclusion to which no response is required.   To the extent that a response is required, Ford denies the allegations in Paragraph 207 of the Amended Complaint.

208.   Ford admits that Plaintiffs Benkle and Kovak bought or leased new motor vehicles manufactured by Ford.   Ford denies the remaining allegations in Paragraph 208 of the Amended Complaint.

209.   Paragraph 209 states a legal conclusion to which no response is required.   To the extent that a response is required, Ford denies the allegations in Paragraph 209 of the Amended Complaint.

210.   Ford denies the allegations in Paragraph 210 of the Amended Complaint.

211.   Ford denies the allegations in Paragraph 211 of the Amended Complaint.

212.   Ford admits that Plaintiffs Benkle and Kovak purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever.   Ford also denies the remaining allegations in Paragraph 212 of the Amended Complaint.

213.   Ford admits that Plaintiffs purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever.   Ford also denies the remaining allegations in Paragraph 213 of the Amended Complaint.

<u>COUNT VI</u>

Violation of California Consumers Legal Remedies Act

Cal. Bus. & Prof. Code §§ 1750, *et seq.*

(On Behalf of the California State Class)

214.   Ford incorporates by reference its response to all allegations in the Complaint as if fully set forth herein.

215.   Ford admits that Plaintiffs Benkle and Kovak purport to bring Count VI on their own behalf, and on behalf of the putative California statewide class they seek to represent.

216.   Ford denies the allegations in Paragraph 216 of the Amended Complaint.

217.   Ford denies the allegations in Paragraph 217 of the Amended Complaint.

218.   Ford denies the allegations in Paragraph 218 of the Amended Complaint.

219.   Ford denies the allegations in Paragraph 219 of the Amended Complaint.

220.   Ford denies the allegations in Paragraph 220 of the Amended Complaint.

221.   Ford denies the allegations in Paragraph 221 of the Amended Complaint.

222.   Ford denies the allegations in Paragraph 222 of the Amended Complaint.

223.   Ford admits that Plaintiffs Benkle and Kovak purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever.   Ford also denies the remaining allegations in Paragraph 223 of the Amended Complaint.

224.   Ford denies that Plaintiffs are entitled to any alleged damages or any relief whatsoever.   Ford admits receipt of correspondence from Plaintiffs dated September 29, 2016 but denies that Plaintiffs have complied with the notice requirements of Section 1782.   Ford also denies the remaining allegations in Paragraph 224 of the Amended Complaint.

225.   Ford denies that Plaintiffs are entitled to any alleged damages or any relief whatsoever.   Ford also denies the remaining allegations in Paragraph 225 of the Amended Complaint.

226.   Ford denies the allegations in Paragraph 226 of the Amended Complaint.

<u>COUNT VII</u>

Fraudulent Omission

(On Behalf of the California State Class)

227.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

228.   Ford admits that Plaintiffs Benkle and Kovak purport to bring Count VII on their own behalf, and on behalf of the putative California statewide class they seek to represent.

229.   Ford denies the allegations in Paragraph 229 of the Amended Complaint.

230.   Paragraph 230 states a legal conclusion to which no response is required.   To the extent that a response is required, Ford denies the allegations in Paragraph 230 of the Amended Complaint.

231.   Ford denies the allegations in Paragraph 231 of the Amended Complaint.

232.   Ford denies the allegations in Paragraph 232 of the Amended Complaint.

233.   Ford denies the allegations in Paragraph 233 of the Amended Complaint.

234.   Ford admits that Plaintiffs Benkle and Kovak purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever.   Ford also denies the remaining allegations in Paragraph 234 of the Amended Complaint.

<u>COUNT VIII</u>

Violation of the Florida Deceptive and Unfair Trade Practices Act

Fla. Stat. §§ 501.201, *et seq.*

(On Behalf of the Florida State Class)

235.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

236.   Ford admits that Plaintiffs Kyle, Russin, and Rojas purport to bring Count VIII on their own behalf, and on behalf of the putative Florida statewide class they seek to represent.

237. Paragraph 237 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 237 of the Amended Complaint.

238. Paragraph 238 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 238 of the Amended Complaint.

239. Paragraph 239 states a legal conclusion to which no response is required and quotes the language of a statute that speaks for itself as to its content. To the extent that a response is required or the quoted text is inconsistent with the statute, Ford denies the allegations in Paragraph 239 of the Amended Complaint.

240. Ford denies the allegations in Paragraph 240 of the Amended Complaint.

241. Ford denies the allegations in Paragraph 241 of the Amended Complaint.

242. Ford denies the allegations in Paragraph 242 of the Amended Complaint.

243. Ford denies the allegations in Paragraph 243 of the Amended Complaint.

244. Ford denies the allegations in Paragraph 244 of the Amended Complaint.

245. Ford denies the allegations in Paragraph 245 of the Amended Complaint.

246. Ford denies the allegations in Paragraph 246 of the Amended Complaint.

247. Ford denies the allegations in Paragraph 247 of the Amended Complaint.

248.   Ford denies the allegations in Paragraph 248 of the Amended Complaint.

COUNT IX

Fraudulent Omission

(On Behalf of the Florida State Class)

249.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

250.   Ford admits that Plaintiffs Kyle, Russin, and Rojas purport to bring Count IX on their own behalf, and on behalf of the putative Florida statewide class they seek to represent.

251.   Ford denies the allegations in Paragraph 251 of the Amended Complaint.

252.   Paragraph 252 states a legal conclusion to which no response is required.   To the extent that a response is required, Ford denies the allegations in Paragraph 252 of the Amended Complaint.

253.   Ford denies the allegations in Paragraph 253 of the Amended Complaint.

254.   Ford denies the allegations in Paragraph 254 of the Amended Complaint.

255.   Ford denies the allegations in Paragraph 255 of the Amended Complaint.

256.   Ford admits that Plaintiffs Kyle, Russin, and Rojas purport to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever.   Ford also denies the remaining allegations in Paragraph 256 of the Amended Complaint.

<u>COUNT X</u>

Violation of the Nebraska Consumer Protection Act

Neb. Rev. Stat. §§ 59-1601, *et seq.*

(On Behalf of the Nebraska State Class)

257.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

258.   Ford admits that Plaintiff Suponchick purports to bring Count X on her own behalf, and on behalf of the putative Nebraska statewide class she seeks to represent.

259.   Paragraph 259 states a legal conclusion to which no response is required.   To the extent that a response is required, Ford denies the allegations in Paragraph 259 of the Amended Complaint.

260.   Paragraph 260 states a legal conclusion to which no response is required.   To the extent that a response is required, Ford denies the allegations in Paragraph 260 of the Amended Complaint.

261.   Paragraph 261 states a legal conclusion to which no response is required to the extent it quotes the language of a statute that speaks for itself as to its content.    To the extent that a response is required or the quoted text is inconsistent with the statute, Ford denies the allegations in Paragraph 261 of the Amended Complaint.  Ford denies the remaining allegations in Paragraph 261 of the Amended Complaint.

262.   Ford denies the allegations in Paragraph 262 of the Amended Complaint.

263.   Ford denies the allegations in Paragraph 263 of the Amended Complaint.

264.   Ford denies the allegations in Paragraph 264 of the Amended Complaint.

265. Ford denies the allegations in Paragraph 265 of the Amended Complaint.

266. Ford denies the allegations in Paragraph 266 of the Amended Complaint.

267. Ford denies the allegations in Paragraph 267 of the Amended Complaint.

268. Ford denies the allegations in Paragraph 268 of the Amended Complaint.

269. Ford denies the allegations in Paragraph 269 of the Amended Complaint.

270. Ford denies the allegations in Paragraph 270 of the Amended Complaint.

<u>COUNT XI</u>

Fraudulent Omission

(On Behalf of the Nebraska State Class)

271. Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

272. Ford admits that Plaintiff Suponchick purport to bring Count XI on her own behalf, and on behalf of the putative California statewide class she seeks to represent.

273. Ford denies the allegations in Paragraph 273 of the Amended Complaint.

274. Paragraph 252 states a legal conclusion to which no response is required. To the extent that a response is required, Ford denies the allegations in Paragraph 274 of the Amended Complaint.

275. Ford denies the allegations in Paragraph 275 of the Amended Complaint.

276.   Ford denies the allegations in Paragraph 276 of the Amended Complaint.

277.   Ford denies the allegations in Paragraph 277 of the Amended Complaint.

278.   Ford admits that Plaintiff Suponchick purports to seek alleged damages but denies that Plaintiffs are entitled to those alleged damages or any relief whatsoever.   Ford also denies the remaining allegations in Paragraph 278 of the Amended Complaint.

<u>COUNT XII</u>

Violation of the Texas Deceptive Trade Practices Act

Tex. Bus. & Com. Code §§ 17.41, *et seq.*

(On Behalf of the Texas State Class)

279.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

280.   Ford admits that Plaintiff McGlothin purport to bring Count XII on his own behalf, and on behalf of the putative Texas statewide class he seeks to represent.

281.   Paragraph 281 states a legal conclusion to which no response is required.   To the extent that a response is required, Ford denies the allegations in Paragraph 281 of the Amended Complaint.

282.   Paragraph 239 states a legal conclusion to which no response is required to the extent it quotes the language of a statute that speaks for itself as to its content.   To the extent that a response is required or the quoted text is inconsistent with the statute, Ford denies the allegations in Paragraph 282 of the Amended Complaint.  Ford denies the remaining allegations in Paragraph 282 of the Amended Complaint.

283.   Ford denies the allegations in Paragraph 283 of the Amended Complaint.

284.   Ford denies the allegations in Paragraph 284 of the Amended Complaint.

285.   Ford denies the allegations in Paragraph 285 of the Amended Complaint.

286.   Ford denies the allegations in Paragraph 286 of the Amended Complaint.

287.   Ford denies the allegations in Paragraph 287 of the Amended Complaint.

288.   Ford denies the allegations in Paragraph 288 of the Amended Complaint.

289.   Ford denies the allegations in Paragraph 289 of the Amended Complaint.

290.   Ford denies the allegations in Paragraph 290 of the Amended Complaint.

291.   Ford denies the allegations in Paragraph 291 of the Amended Complaint.

<u>COUNT XIII</u>

Fraudulent Omission

(On Behalf of the Texas State Class)

292.   Ford incorporates by reference its response to all allegations in the Amended Complaint as if fully set forth herein.

293.   Ford admits that Plaintiff McGlothin purports to bring Count XIII on his own behalf, and on behalf of the putative Texas statewide class he seeks to represent.

294.   Ford denies the allegations in Paragraph 294 of the Amended Complaint.

295.   Paragraph 295 states a legal conclusion to which no response is required.  To the extent that a response is required, Ford denies the allegations in Paragraph 295 of the Amended Complaint.

296.   Ford denies the allegations in Paragraph 296 of the Amended Complaint.

297.   Ford denies the allegations in Paragraph 297 of the Amended Complaint.

298.   Ford denies the allegations in Paragraph 298 of the Amended Complaint.

299.   Ford denies the allegations in Paragraph 299 of the Amended Complaint.

Ford denies all allegations not specifically admitted.

<u>PRAYER FOR RELIEF</u>

Ford denies that this case is properly brought as a class action and reserves the right to oppose any motion for class certification that may be filed by Plaintiffs. Ford further denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

Pursuant to Federal Rule of Civil Procedure 8(c), Ford hereby identifies and states the following affirmative and other defenses and avoidances:

1.   Plaintiffs are not entitled to pursue this action as a class action under Federal Rule of Civil Procedure 23.

2.   Plaintiffs did not rely on any representation or omission of Ford.

3.     Plaintiffs have not provided proper pre-suit notice to Ford of the claimed breaches of warranty and various alleged violations of state consumer protection laws.

4.     No action of Ford's bore a causal relationship to any injury allegedly suffered by Plaintiffs.

5.     Certain of Plaintiffs' claims are barred by applicable statutes of limitation.

6.     Plaintiffs have not sustained recoverable damages.

Ford reserves the right to alter or amend this list of affirmative and other defenses and avoidances as permitted by the Federal Rules of Civil Procedure as discovery proceeds in the litigation.

Ford demands a trial by jury on all issues and causes so triable.

DATED: November 3, 2016                     MCGUIREWOODS LLP


                                   By: */s/ Joan S. Dinsmore*
                                        JOAN S. DINSMORE (CA Bar No. 245629)
                                        **MCGUIREWOODS LLP**
                                        434 Fayetteville Street, Suite 2600
                                        Raleigh, North Carolina 27601
                                        Telephone: 919.755.6600
                                        Facsimile: 919.755.6699
                                        jdinsmore@mcguirewoods.com

                                        *Attorneys for Defendant Ford Motor Company*