UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANIS BENKLE ET AL.,<br>Plaintiffs,<br>v.<br>FORD MOTOR COMPANY,<br>Defendant. | Case No. 8:16-cv-01569-DOC-JCG<br>**STIPULATED PROTECTIVE ORDER** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and based on good cause, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure ("FRCP") 26(c)(1), and with the consent of the parties, hereby ORDERED:

1. **Scope of Order**. This Order is intended to facilitate the Parties' (defined below) production of information and documents as part of voluntary disclosure and in response to discovery requests. Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations. This Order covers the production and use of all Protected Documents (defined below) in this action

that constitute, contain or disclose, in whole or in part, information which the Designating Party (defined below) designates as "Confidential." This Order is also intended to apply to any documents produced to the Parties by a non-party in connection with a subpoena.

2. **General Definitions**. For purposes of this Order, the following terms have the following meanings:

    a. Pursuant to FRCP 26(c)(1)(G), "Confidential Information" shall mean trade secrets, confidential personal information of individuals, or other confidential research, development, or commercial information.

    b. "Designating Party" shall mean the Party or nonparty designating Discovery Material as "Confidential."

    c. "Discovery Materials" shall mean and include, without limitation, Documents, including Electronically Stored Information ("ESI"), responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes or other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any non-party witness pursuant to subpoena or otherwise in the course of discovery.

    d. "Document" shall mean and include, without limitation, all written material, videotapes, and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hardcopy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise) defined as broadly as permitted under FRCP 34.

    e. "Party" or "Parties" shall mean and include the parties to this litigation.

    f. "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

    g. "Protected Documents" shall mean documents to be produced in this litigation which contain Confidential Information.

3. **Designating Confidential Information.**

   a. All designations of Confidential Information shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

   b. The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

   c. Any document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

   d. The burden of proving that a Protected Document contains Confidential Information is on the Designating Party. Prior to designating any material as "Confidential," the Designating Party must make a good faith determination that the material is "Confidential" pursuant to this Order.

   e. If a Party disagrees with the "Confidential" designation of any Protected Document, the party will identify the challenged document(s) with specificity, including Bates-number(s) where available. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the Designating Party shall move the Court to confirm the confidentiality designation or redaction. Briefing thereafter shall proceed on the schedule provided in the Local Rules. In the event that a motion to confirm a confidentiality designation is made in a timely manner, the document or information whose designation or redaction is objected to shall continue to be treated as Confidential, as applicable, until the motion has been decided by the Court.

In the event that a motion to confirm a confidentiality designation is denied, the Designating Party shall cause the confidentiality legend or redaction to be removed from such documents within ten (10) business days following entry of the Court's order.

4. **Use and Disclosure of Protected Documents**.

    a. Protected Documents and any copies thereof received pursuant to this Protective Order shall be maintained Confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for purposes of this action, subject to the limitations set forth herein. The persons or entities identified in Paragraph 4(b)(i)-(ix) below to whom Protected Documents are disclosed pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Protected Documents or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Protected Documents other than in accordance with this Order.

    b. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

        i. The Court and its personnel;

        ii. The Parties to this litigation;

        iii. Counsel of record in this litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel;

        iv. Experts and non-attorney consultants retained by the Parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is currently employed by an automobile manufacturer competitor of Ford;

v. At deposition, a deponent whom counsel for the disclosing Party believes in good faith is likely to have knowledge pertaining to the specific content of the Protected Documents to be disclosed (this sub-paragraph does not waive the designating Party's right to object);

vi. The author(s) or any recipient of the document;

vii. Litigation support consultants and vendors who provide litigation support services (e.g., photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.);

viii. Court reporters recording and/or transcribing deposition testimony; and

ix. Any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

c. Confidential Information may be quoted or otherwise referred to in documents filed with the Court subject to paragraph 6.

d. While the Parties may provide Protected Documents in accordance with the provisions of this Protective Order in an electronic form, such documents may not be posted on any website or internet accessible document repository that is accessible to anyone other than "Qualified Persons" listed above.

e. All persons described in Paragraph 4(b)(i)-(ix) above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential Information contained therein or the fact that such persons have obtained Protected Documents and Confidential Information.

f. Pursuant to Paragraph 4(b)(iv), (v), (vi) and (ix) above, for those persons that are designated experts, each such expert shall not have access to Protected Documents without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound attached as Exhibit A (the "Agreement to be Bound").

g. Each Party's counsel shall retain each such executed Agreement to be Bound and shall keep a list identifying all persons to whom Protected Documents have been disclosed. Each such executed Agreement to be Bound shall not be made available to the Designating Party during the pendency of the litigation but shall only be available for an in camera inspection by the Court if good cause for review is demonstrated by the Designating Party. However, each such executed Agreement to be Bound and list shall be submitted to counsel for the Designating Party at the termination of this litigation.

5. **Designation of Deposition Testimony.**

a. Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes refers to Protected Documents or information obtained therefrom shall be designated as "CONFIDENTIAL," as applicable, by such counsel by making a statement on the record for inclusion in the deposition transcript or, in writing, within thirty (30) calendar days after receipt of the transcript. However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of deposition testimony shall be treated as "CONFIDENTIAL" material. Notwithstanding this provision, a deponent may have access to and review his/her own deposition transcript without executing an Agreement to be Bound.

b. When Protected Documents or information obtained therefrom is designated as confidential in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

c. Nothing in this Order shall prevent or limit the use of Protected Documents or information obtained therefrom in the taking of depositions. To the extent that Protected Documents or information obtained therefrom are used in the

taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

   d. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain Confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

  6. **Filing Under Seal**. If any party seeks to file or lodge with the Court any portion of any Protected Document or information taken from a Protected Document, such materials shall be submitted to the Court with an application to file under seal in accordance with this Court's Civil Local Rule 79-5. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container pursuant to Central District of California Local Rule 79-5.

  7. **Personally Identifying Information**. Ford may be producing records in this lawsuit that contain Personally Identifying Information of Ford customers, which may include name, mailing address, telephone numbers, email addresses and social media account information or other personally identifiable information that can be used on its own or with other information to identify, contact or locate an individual ("PII"). While Ford may redact PII, redacting certain PII may be unduly burdensome, and thus it may choose to not redact PII in all documents produced and instead may mark them Confidential. Absent an Order of this Court, neither Plaintiff nor her counsel shall use PII obtained solely from documents produced by

1456418.2     - 7 -     STIPULATED PROTECTIVE ORDER
CASE NO. 8:16-CV-01569-DOC-JCG

Ford to communicate with any Ford customer. Nothing in this paragraph shall be construed as a waiver by Ford of its position that Ford is entitled to redact PII.

8. **Conclusion of Litigation**. Within ninety (90) days after the conclusion of this case, counsel for the Party who has received Protected Documents shall either: (a) return to the Designating Party the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, or (b) securely destroy the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, and certify in writing such destruction to the Designating Party.

9. **Inadvertent Production**.

   a. Inadvertent or unintentional production of documents or information which should have been designated as Confidential shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality.

   If a Party has inadvertently or unintentionally produced information which should have been designated as Confidential, the producing Party will notify the receiving Party within twenty-one (21) days of discovery, of the inadvertent production and request that the Confidential designation be applied to such documents or information. If a receiving party objects to the producing Party's Confidentiality designation, it will notify the producing Party of its objections in writing within seven (7) business days of receipt of the notification described above. Within seven (7) business days, the producing Party may then move the Court for an order compelling the protection of such information. Pending the Court's ruling, a receiving Party agrees to maintain the documents as Confidential under the terms of this Order.

   b. The parties may disclose and produce responsive documents to each other in this litigation, and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection.

As such, the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

    i. The production of documents (including both paper documents and ESI) subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

    ii. If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. The producing party will provide a privilege log providing information required by the Federal Rules of Civil Procedure and applicable case law to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

    iii. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

    iv. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The receiving party must take reasonable steps to retrieve the

Identified Materials if the receiving party disclosed the Identified Materials before being notified.

   v. If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

   vi. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed, but the basis for such motion may not be based on the fact or circumstances of the production.

  c. The disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding, pursuant to Rule 502(d), Federal Rules of Evidence.

  d. No provision of this stipulated order shall constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. No provision of this stipulated order is intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent set forth herein.

 10. **Submission to regulatory agency or governmental entity**.

  a. This protective order shall not be construed to prohibit Ford's disclosure or production of safety-related information to a regulatory agency or governmental entity with an interest in the safety-related information. Material subject to this protective order may only be disclosed to a regulatory agency or

governmental entity with an interest in the safety-related information by Ford, and such disclosure shall be made pursuant to 49 CFR 512 or similar applicable rules.

      b.    If other parties to this protective order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the procedure described in Paragraph 10(a).

11. **Right to Use Own Information**. Nothing in this Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and documents.

12. **Storage of Confidential Information**. The recipient of any Protected Documents or Confidential Information that is provided under this Protective Order shall use its best efforts to maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

13. **Not Applicable to Trial**. This Order does not apply to the offer of or admission into evidence of Protected Documents or Confidential Information or their content at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial or evidentiary hearing.

14. **Subpoena or Order**. If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, counsel for the receiving Party must promptly notify counsel for the Designating Party in writing, and in no event, more than five (5) business days after receiving the subpoena or order. Counsel for the receiving Party also must inform, in writing, the Party who caused the subpoena or

order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.

15. **Modification**. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties or pursuant to further Court Order. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

16. **Duration**.

   a. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

   b. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated: 11·13·17

United States Magistrate Judge

## **EXHIBIT A**

1. I have read the Stipulated Protective Order attached hereto, and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the Central District of California in the above captioned case and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

This _____ day of _____, 20___.

_____